IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK ORTEGA,** individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Case No. 5:24-CV-00374-OLG |
| vs. | § § | |
| **JKB FINANCIAL INC.,** | § § § | |
| Defendant. | § | |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR EXTENSION OF TIME

Plaintiff Mark Ortega, now proceeding pro se, respectfully moves this Court for leave to file an amended complaint to remove all class action allegations, and for an extension of approximately four months of the deadlines set forth in the Scheduling Order. Due to the recent withdrawal of Plaintiff's counsel and Plaintiff's pro se status, Plaintiff seeks this relief to ensure he can fairly and adequately prepare and present his case. As of the filing of this Motion, no agreement has been reached; therefore, this Motion is submitted as opposed.

**I.   BACKGROUND**

1. Plaintiff filed his Original Complaint on April 11, 2024, alleging violations of the Telephone Consumer Protection Act and including class action allegations. (ECF NO. 1)

2. Defendant JKB Financial Inc. was served and eventually answered on July 12, 2024 (ECF No. 10.

3. On September 3, 2024, the Court entered a Scheduling Order (ECF No. 13) governing this case. The Scheduling Order set forth various pretrial deadlines. These deadlines were established while Plaintiff was represented by counsel.

4. On October 23, 2024, Plaintiff's attorney filed a Motion to Withdraw as Counsel (ECF No. 14). After additional proceedings, the Court granted the withdrawal on January 29, 2025 (ECF No. 20). As a result of that Order, Plaintiff is now unrepresented. The withdrawal occurred after the Scheduling Order's deadlines to amend pleadings and designate experts had already passed, and only weeks before the close of discovery. Plaintiff moves diligently to amend his pleading and adjust the schedule in light of his pro se status.

5. Because Plaintiff is not an attorney, he cannot represent a class of other individuals in a class action. Thus, the class action allegations in the complaint must be removed for the case to proceed. Additionally, given the change in representation, Plaintiff requires additional time to fulfill pretrial requirements, such as expert disclosures and discovery, that were previously to be handled by counsel. Without an extension, the current deadlines, most of which have already lapsed, would unfairly prevent Plaintiff from adequately prosecuting his claims. No trial has yet occurred, and no dispositive motions have been filed, so adjusting the schedule at this stage will not disrupt any completed proceedings. Plaintiff brings this motion in good faith and as soon as practicable after becoming pro se.

## II. LEGAL STANDARDS AND ARGUMENT

**A. Leave to Amend Should Be Freely Granted**

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 244 (5th Cir. 1997).

Plaintiff's request to amend is timely in light of his counsel's recent withdrawal, is made in good faith, and simply removes class allegations that Plaintiff cannot pursue pro se. This amendment does not add new parties or claims and allowing the amendment will not prejudice

Defendant as it narrows the scope of the case by eliminating class allegations. Courts recognize that pro se plaintiffs may not represent or protect the interests of a class so permitting this amendment is necessary and in the interest of justice. The Proposed First Amended Complaint is attached hereto as **Exhibit A**.

**B. Good Cause Exists to Modify the Scheduling Order**

Because the deadline for amending pleadings set by the Scheduling Order of November 12, 2024 has passed, Plaintiff's request is governed also by Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Fifth Circuit has held, however, that a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension. Thus, with respect to an untimely motion to amend, a party must show good cause under Rule 16(b)(4) before the trial court will apply the more liberal standard set forth in Rule 15(a). Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)

Each of these factors supports granting Plaintiff's motion:

1. Explanation for Delay: Plaintiff's failure to amend before the November 12, 2024 deadline was not due to neglect or disregard of the Court's schedule, but rather due to circumstances beyond his control. At the time, Plaintiff was represented by counsel who later sought to withdraw for medical reasons. The motion to withdraw was filed on October 23, 2024 and was pending during the period when an amendment could have been filed. It was not resolved until January 29, 2025. During this time, Plaintiff did not have the ability to act independently.

Now, promptly after the Court allowed counsel to withdraw, Plaintiff (proceeding pro se) is acting diligently to correct the pleadings. This sequence of events demonstrates good cause for the delay in that Plaintiff could not reasonably have met the amendment deadline while he was represented by an attorney who was in the process of withdrawing.

2. Importance of the Amendment: The proposed amendment is important because it will formally clarify the scope of this case and ensure its proper posture. By removing class action allegations, the case will proceed solely on Plaintiff's individual claim. This is not only necessary for legal compliance, but it also simplifies the issues for discovery and trial. The amendment will facilitate a more efficient resolution of Plaintiff's individual claim on the merits. Absent this amendment, the complaint would contain class allegations that cannot be pursued, which could cause confusion or needless motion practice. Thus, the amendment is substantively significant and in the interest of judicial economy.

3. Lack of Prejudice to Defendant: Allowing the amendment and extending the case deadlines will not unfairly prejudice the Defendant. The removal of class allegations reduces Defendant's potential exposure and defense obligations, rather than increasing them. No new causes of action are being added. In terms of timing, discovery is still in its early stages (the discovery period was originally set to end on February 25, 2025 and little to no discovery has been completed while the withdrawal issue was pending).

Extending the deadlines will give Defendant ample opportunity to complete discovery and prepare any defenses, just as it gives Plaintiff a fair chance to do so. A short four-month extension of the schedule is a continuance that will allow both sides to adequately develop their cases. There have been no prior extensions of these deadlines, and trial is not yet imminent (currently set for June 30, 2025). Defendant cannot credibly claim undue prejudice from a this continuance,

especially since Defendant's own expert disclosure and other deadlines would likewise be extended to its benefit.

    4.    Continuance to Cure Prejudice: A continuance is precisely what Plaintiff is requesting in this Motion—a roughly four-month extension of all pretrial deadlines and the trial setting. This extension will cure any potential prejudice by giving both parties additional time to adjust to the post-withdrawal posture of the case. To the extent Defendant might have been preparing for a trial in June 2025, that trial date will be continued, alleviating any pressure.

Moreover, by resetting the expert disclosure deadlines and discovery cutoff, Defendant will have the same additional time as Plaintiff to designate experts (if any), conduct depositions, and file motions. In short, the relief sought will ensure that neither side is deprived of a full and fair opportunity to litigate the case on the merits. Given that the Court can accommodate a new trial date, this factor weighs in favor of granting the extension.

In sum, good cause exists under Rule 16(b)(4) to modify the Scheduling Order. Plaintiff has acted diligently and is only requesting this modification because of unforeseen changes that occurred after the schedule was set. There is no indication of bad faith or dilatory motive. The importance of allowing the case to proceed correctly, as an individual action, is clear, and there is no undue prejudice to Defendant. The modest extension requested is the appropriate remedy to ensure justice is done. Once good cause is shown, the Rule 15(a) standard is met here as well, as justice plainly requires allowing Plaintiff to amend his complaint so that his case can proceed properly. Accordingly, the Court should grant leave to amend and extend the pretrial deadlines as requested.

## PRAYER

For the foregoing reasons, Plaintiff Mark Ortega, pro se, respectfully requests that the Court **GRANT** this Motion.

Specifically, Plaintiff prays that the Court enter an order as follows:

1. Granting Plaintiff leave to file an amended complaint that removes all class action allegations;

2. Modifying the Scheduling Order (ECF No. 13) by extending all pending deadlines by approximately four (4) months, including but not limited to the following new deadlines:

    a. Deadline to amend pleadings or join parties: extended from November 12, 2024 to March 15, 2025.

    b. Plaintiff's designation of testifying experts: extended from November 27, 2024 to March 28, 2025.

    c. Defendant's designation of testifying experts: extended from December 27, 2024 to April 27, 2025.

    d. Discovery cutoff: extended from February 25, 2025 to June 25, 2025.

    e. Dispositive motions deadline: extended from March 17, 2025 to July 17, 2025.

    f. Mediation completion deadline: extended from April 7, 2025 to August 7, 2025.

    g. Final Pretrial Conference: continued from June 25, 2025 to October 25, 2025 (or a similar date convenient for the Court's calendar).

    h. Trial Date: continued from June 30, 2025 to approximately October 30, 2025, or a date thereafter that suits the Court's schedule.

Plaintiff also requests that the Court issue an amended scheduling order reflecting these new dates and granting any other relief to which Plaintiff is entitled. Plaintiff stands ready to comply with all new deadlines set by the Court.

DATED this 23rd day of February 2025.

                                        Respectfully submitted,

                                        */s/ Mark Anthony Ortega*
                                        Mark Anthony Ortega
                                        Plaintiff
                                        PO Box 702099
                                        San Antonio, TX 78231
                                        Telephone: 210-744-9663
                                        Email: mortega@utexas.edu

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

**ELIOT NEW**
Eliot.new@gmlaw.com
**JAMEY R. CAMPELLONE**
Jamey.campellone@gmlaw.com
Gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
(954) 491-1120
**Attorneys for Defendant JKB Financial Inc.**

                                        */s/ Mark Anthony Ortega*
                                        Mark Anthony Ortega

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(g), Plaintiff attempted to confer with Defendant's counsel regarding the relief requested. Plaintiff emailed Defendant's counsel on February 18, 2025 with the motion and proposed amended complaint but has not received any response. As of the filing of this Motion, no agreement has been reached; therefore, this Motion is submitted as opposed.

**ELIOT NEW**
Eliot.new@gmlaw.com
**JAMEY R. CAMPELLONE**
Jamey.campellone@gmlaw.com
Gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
(954) 491-1120
**Attorneys for Defendant JKB Financial Inc.**

                                        */s/ Mark Anthony Ortega*
                                        Mark Anthony Ortega