IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA,** | § | Case No. 5:24-CV-00374-OLG |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| **JKB FINANCIAL INC.,** | § | |
| | § | |
| Defendant. | § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this Complaint and Demand for Jury Trial against Defendant JKB Financial Inc. ("Defendant" or "JKB Financial") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to Plaintiff without consent including calls to Plaintiff's phone number that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for injuries due to Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

### PARTIES

1. Plaintiff is a resident of San Antonio, Texas.

2. Defendant JKB Financial, Inc. is a California corporation that conducts business in this District.

### I.  JURISDICTION AND VENUE

3. <u>Jurisdiction.</u> This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court also has supplemental jurisdiction because the Texas

Telephone Solicitation Act ("TTSA") claim relates to the same telemarketing campaign as the TCPA.

4. <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over the Defendants because the Defendants transact business in this District and place calls to consumers into this District.

5. <u>Venue.</u> Venue is proper in this District under 28 U.S.C § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into this District.

## II.    INTRODUCTION

6. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

7. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

8. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R § 64.1200(c)(2).

9. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

10. The TCPA prohibits the initiation of the telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5).

11. TCPA also prohibits the initiation of any telephone call using an artificial or prerecorded voice without the prior express consent of the called party. 47 U.S.C. § 227(b)(B). This includes a telephone call to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(A)(iii).

### III.     FACTUAL ALLEGATIONS

12. JKB Financial provides debt relief services.

13. JKB Financial uses telemarketing to promote its services and solicit new clients.

14. Plaintiff is an individual who was in Texas at the time of the messages.

15. Plaintiff's residential telephone number is (210)-744-XXXX.

16. Plaintiff registered his telephone number, (210) 744-XXXX, on the National Do Not Call Registry, more than a year prior to the messages at issue.

17. Plaintiff uses his cell phone primarily for personal, residential, and household purposes.

18. Plaintiff never consented to receive telemarketing communications from Defendant.

19. Despite this, Plaintiff still received telemarketing calls from Defendant.

20. On or around February 15, 2024, Plaintiff received an unsolicited telemarketing call to his cell phone from Defendant, from the following number: 352-517-4457. When the call was answered, the caller advertised debt relief services to Plaintiff and asked if Plaintiff had any outstanding debt that needed to be consolidated. The caller then transferred Plaintiff to Cynthia Achermann who identified herself as an employee of Level Debt, who was selling debt consolidation services.

3

21. Level Debt is an assumed name of Defendant.

22. The call was sent with an automated system for the selection and dialing of telephone numbers as the Plaintiff answered the calls and there was a pause and audible click prior to anyone appearing on the line.

23. This audible click pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative after automatically dialing it.

24. On or about February 15, 2024, after the call with Plaintiff, Cynthia Acherman, employee of Level Debt, sent an email to Plaintiff with a link to the company's website.[1]

25. On or about February 21, 2024, Plaintiff's attorney sent a letter to Defendant stating that Plaintiff is registered in the National Do Not Call Registry, did not consent to receiving communications from Defendant, and demanding damages. The email went unanswered.

26. These telemarketing messages from Defendant are being sent to Plaintiff without consent.

27. In response to these calls, Plaintiff brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages and costs.

28. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

---

[1] https://level-debt.com/

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. 227(b))

29. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

30. The TCPA's implementing regulation, 47 USC § 227(b), provides that [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States … to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)." § 227(b)(B).

31. TCPA grants a private right of action to individuals based on a violation of § 227(b) or the regulations prescribed under § 227(b). 47 U.S.C § 227(b)(3). Even one instance of a violation of 227(b) is actionable in the Fifth Circuit. *See Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 689-91 (5th Cir. 2021).

32. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(b)(3), is entitled, inter alia, to receive up to $500 in damages for such violation.

33. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c))**

34. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(2), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

37. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff who registered his respective telephone number on the National Do Not Call Registry.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone solicitation in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R § 64.1200, as described above.

39. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and under section 47 U.S.C. § 227(c), is entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

40. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

### THIRD CAUSE OF ACTION
### Violation of Texas Telephone Solicitation Act
### Tex. Bus. & Com. Code Ann. § 305

41. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

42. It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." See Tex. Bus. & Com. Code Ann. § 305.001.

43. The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". See Tex. Bus. & Com. Code Ann. § 305.053.

44. In violation of the TTSA, Defendant made and/or knowingly allowed telephonic communications to Plaintiff without Plaintiff's prior express written consent even though the Plaintiff on the National Do Not Call Registry.

45. As a result of Defendant's conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. See id.

46.     To the extent Defendant's misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by Plaintiff.

## FOURTH CAUSE OF ACTION
### Violation of Texas Regulation of Telephone Solicitation
### Tex. Bus. & Com. Code Ann. § 302

47.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

48.     Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." See id (b).

49.     In violation of the Code, Defendant made telephonic solicitations to Plaintiff without having a registration certificate for each business location at the time of the calls.

50.     As a result of Defendant's conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and is each entitled to a maximum of $5,000.00 in damages for each violation.

51.     Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. Award Plaintiff all damages available under the TCPA, including statutory damages of $500.00 for each violation of 47 U.S.C. § 227(c), or $1,500.00 for each willful or knowing violation.

B. Award plaintiff all damages available under Tex. Bus. & Com. Code § 305, including statutory damages of $500.00 for each violation, or $1,500 for each willful or knowing violation.

C. Award Plaintiff all damages available under Tex. Bus. & Com. Code § 302, including statutory damages of $5,000 per violation as provided under Tex. Bus. & Com. Code § 302.302(a).

D. Award Plaintiff all damages available under the TCPA, including statutory damages of $500.00 for each violation of 47 U.S.C. § 227(b), or $1,500.00 for each willful or knowing violation.

E. Award Plaintiff actual damages suffered as provided under 47 U.S.C. §227(c)(5)(A)), 47 U.S.C. §227(b)(3)(B)), Tex. Bus. & Com. Code § 305, and Tex. Bus. & Com. Code § 302.302 at trial.

F. Issue a permanent injunction prohibiting Defendant from further calls to Plaintiff in violation of the TCPA as provided under 47 U.S.C. § 227(b)(3) and (c)).

G. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a).

H. Grant any other relief deemed just and equitable by the Court.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 23rd day of February 2025.     Respectfully submitted,

*/s/ Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

**ELIOT NEW**
Eliot.new@gmlaw.com
**JAMEY R. CAMPELLONE**
Jamey.campellone@gmlaw.com
Gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
(954) 491-1120
**Attorneys for Defendant JKB Financial Inc.**


                                              */s/ Mark Anthony Ortega*
                                              Mark Anthony Ortega